UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : |
| --- | --- |
| | : Criminal No. 3:CR-17-298 |
| v. | : |
| | :(JUDGE MARIANI) |
| JOEVANY GONZALEZ, | : |

## MEMORANDUM OPINION

Defendant Joevany Gonzalez, ("Defendant" "Gonzalez") filed eight pretrial motions which are ripe for disposition: 1) Motion to Compel Disclosure of Confidential Informant (Doc. 131); 2) Motion for Discovery Pursuant to Rule 16 (Doc. 132); 3) Motion for Pre-Trial Hearing to Determine Existence of Conspiracy (Doc. 133); 4) Motion for Grand Jury Transcripts Pursuant to Fed. R. Crim. P. Rule 6(e)(3)(C)(ii) (Doc. 134); 5) Motion for Disclosure Pursuant to Rules 404(b) and 609 of Federal Rules of Evidence (Doc. 135); 6) Motion for Disclosure Pursuant to Federal Rule of Evidence, Rule 807 (Doc. 136); 7) Motion for Bill of Particulars (Doc. 137); and, 8) Motion for Expert Information Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure (Doc. 138).

In support of his pending motions, Defendant filed one brief addressing all motions. (Doc. 139.) Likewise, the Government filed a consolidated brief in response. (Doc. 279.) Defendant did not file a reply brief and the time for doing so has passed.

## I. BACKGROUND

On October 3, 2017, a federal Grand Jury sitting in Scranton, Pennsylvania, returned an Indictment charging Joevaney Gonzalez and others with conspiracy to manufacture, distribute, and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. (Doc. 1 at 1-2.) Others charged in the Indictment are Jose Luis Gonzalez, Sr., Jose Luis Gonzalez, Jr., Carlos Roman, Alfredo Roman, Carlos Santurtan-Teran, Nelson Martin, and Christian Madera. (*Id.*)

## II. PENDING MOTIONS

### A. Motion to Compel Disclosure of Confidential Informant

With his Motion to Compel Disclosure of Confidential Informant (Doc. 131), Defendant asserts that he is entitled to the disclosure of information pertaining to any and all confidential informants in this case pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957). (Doc. 139 at 2.) The Government responds that "[a]bsent a proffer by the defense as to the specific and articulable need for such identity information," the Court should deny the motion. (Doc. 279 at 4.) The Court concludes the motion is properly denied.

In *Roviaro*, the United States Supreme Court addressed whether the district court had committed reversible error when it allowed the Government to refuse to disclose the identity of an undercover employee "who had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused

2

knowingly transported the drugs as charged." 353 U.S. at 55. The Court concluded that, under the circumstances presented, the district court's decision was reversible error. *Id.* The Court laid the following groundwork for its consideration of the issue:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. *Scher v. United States*, 305 U.S. 251, 254, 59 S.Ct. 174, 176, 83 L.Ed. 151; *In re Quarles and Butler*, 158 U.S. 532, 15 S.Ct. 959, 39 L.Ed. 1080; *Vogel v. Gruaz*, 110 U.S. 311, 316, 4 S.Ct. 12, 14, 28 L.Ed. 158. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.
>
> The scope of the privilege is limited by its underlying purpose. Thus, where the disclosure of the contents of a communication will not tend to reveal the identity of an informer, the contents are not privileged. Likewise, once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable.
>
> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.
>
> Three recent cases in the Courts of Appeals have involved the identical problem raised here—the Government's right to withhold the identity of an informer who helped to set up the commission of the crime and who was present at its occurrence. *Portomene v. United States*, 5 Cir., 221 F.2d 582; *United States v. Conforti*, 7 Cir., 200 F.2d 365; *Sorrentino v. United States*, 9 Cir., 163 F.2d 627. In each case it was stated that the identity of such an informer must be disclosed whenever the informer's testimony may be relevant and helpful to the accused's defense.

3

*Roviaro*, 353 U.S. at 59–62. The Court declined to adopt a fixed rule as to when disclosure is justifiable. Noting that the problem required "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense," the Court found that a proper balance depends "on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62.

"The first step in determining whether the identity of an informant must be disclosed is to ascertain what need, if any, the defendant has alleged for disclosure. The burden is on the defendant to show the need for disclosure." *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981) (citations omitted). *Jiles* noted that the type of case plays a role in the application of the test:

> When applying this test, one of three types of cases may emerge. *See Suarez v. United States*, 582 F.2d 1007, 1011 (5th Cir. 1978). First, the court may be presented with an extreme situation, such as that in *Roviaro* itself, in which the informant played an active and crucial role in the events underlying the defendant's potential criminal liability. In these cases, disclosure and production of the informant will in all likelihood be required to ensure a fair trial. *See, e. g., United States v. Silva*, 580 F.2d 144, 146-47 (5th Cir. 1978). But see *United States v. Day*, 384 F.2d 464, 468 (3d Cir. 1967) (McLaughlin, J., concurring) (Active participation should not be deciding factor in disclosure decision). At the other end of the spectrum, are the cases in which the informant was not an active participant or eyewitness, but rather a mere tipster. In such cases, courts have generally held that the informant's identity need not be disclosed. *See, e. g., United States v. Moreno*, 588 F.2d 490, 494 (5th Cir. 1978), cert. denied, 441 U.S. 936, 99 S.Ct. 2061, 60 L.Ed.2d 666 (1979). A third group of cases falls between these two extremes and it is in this group that the balancing becomes most difficult.

*Jiles*, 658 F.2d at 196–97.

4

Here the Government avers that the investigation of the instant matter was not dependent on confidential informants:

> the genesis and basis for the instant investigation were communications intercepted by investigators "up" on a Title III intercept of one of Gonzalez's sources of supply for cocaine located in the District of Connecticut. That is to say, the instant investigation started as the result of Gonzalez having been intercepted making "dirty" calls on the Connecticut wire. As is made clear in the affidavit in support of interceptions of Gonzalez's cellular telephones, part of the justification for the request to "go up" on Gonzalez's telephones was that the government did not currently have a confidential source or informant to utilize as against Gonzalez and his drug trafficking organization.

(Doc. 279 at 3 (citing Affidavits in Support of Title III Wiretap Applications).) Noting that it is not foreclosing the possible use of "historical" confidential informants at trial, the Government asserts that the origins of the investigation indicate that disclosure of an informant's identity or the contents of his or her communications would not likely be helpful to the defense of the accused. (*Id.* at 4.)

Given the Government's undisputed description of the origin of the investigation, this appears to be a situation where any "historical" confidential informant was not an active participant or eyewitness, in which case courts have generally held that the informant's identity need not be disclosed. *Jiles*, 658 F.2d at 197. Moreover, Defendant has not provided the required specified need for disclosure as is his burden and did not respond to the Government's argument that he had not specifically articulated the need for the requested disclosure. Therefore, the Court concludes Defendant has not satisfied his

burden of showing the need for the disclosure of the confidential informant and this motion is properly denied.

B. **Motion for Discovery Pursuant to Rule 16**

With his Motion for Discovery Pursuant to Rule 16 (Doc. 132), Defendant states that "he is entitled to discovery, inspection and disclosure of certain enumerated evidence" pursuant to the rule and cite specific categories of evidence. (Doc. 132 at 1-3; Doc. 139 at 7-8.) The Government responds that "it is well aware of its obligation under Federal Rules of Criminal Procedure, Rule 16." (Doc. 279 at 5.) Adding that the "Court's Pretrial Order of October 6, 2017, already defines the parties' obligations related to discovery," the Government states that no further order is required. (*Id.*) As Defendant has not asserted that the Government has failed to comply with Rule 16 or the Court's asserted compliance October 6, 2017, Order (Doc. 47), or that there is any indication that it will not do so in the future, the Court concludes that no further order is required and the motion is properly denied.

C. **Motion for Pre-Trial Hearing to Determine Existence of Conspiracy**

With his Motion for Pre-Trial Hearing to Determine Existence of Conspiracy (Doc. 133), Defendant contends that Federal Rule of Evidence 104 requires that the determination of the admissibility of a co-conspirator's declarations must be made preliminarily and a pretrial hearing is the preferred method of making the determination. (Doc. 139 at 10 (citations omitted).) The Government responds that a pretrial hearing to determine the

6

admissibility of co-conspirator statements is not mandated and the admissibility of such statements may be properly made at trial. (Doc. 279 at 5 (citations omitted).)

As noted by the Government, a pretrial hearing to determine the existence of a conspiracy is called a "*James* hearing" and whether to hold such a hearing is left to the discretion of the trial judge. (*Id.* at 5-7 (citing *United States v. Gambino*, 926 F.2d 1355, 1360-61 (3d Cir. 1991); *United States v. Ammar*, 714 F.2d 238, 246 (3d Cir.), cert. denied, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); *United States v. Continental Group, Inc.*, 603 F.2d 444, 456 (3d Cir.1979)).) Based on the undisputed concerns about a *James* hearing expressed by the Government (*see* Doc. 279 at 9-11) and basic concerns of administrative efficiency and judicial economy, the Court will deny Defendant's motion and permit the Government to prove at trial the evidence necessary to admit co-conspirators' statements.

### D. Motion for Grand Jury Transcripts Pursuant to Rule 6(e)(3)(E)(i)

With his Motion for Grand Jury Transcripts Pursuant to Rule 6(e)(3)(C)(ii) (Doc. 134), Defendant states that he is entitled to the disclosure of Grand Jury transcripts which are necessary to effectively prepare his defense.[1] (Doc. 139 at 15.) The Government responds that disclosure of grand jury transcripts is covered by 18 U.S.C. § 3500, the *Jencks* Act,

---

[1] Federal Rule of Criminal Procedure 6(e)(3)(C) does not contain any further subsections and provides that "[a]n attorney for the government may disclose any grand-jury matter to another federal grand jury." As the cited subsection does not apply to Defendant's argument or the facts of this case, the Court will assume the subsection allowing for the court's authorization of disclosure in certain circumstances, Federal Rule of Criminal Procedure 6(e)(3)(E).

7

and, contrary to that act, Defendant has failed to show any particularized need for advanced disclosure. (Doc. 279 at 11.)

The *Jencks* Act states: "No statement or report in the possession of the United States which was made by a Government witness ... shall be the subject of subpoena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case.*" 18 U.S.C. § 3500(a) (emphasis added). The term "statement" includes a statement made by a witness to a grand jury. 18 U.S.C. § 3500(e). Rule 6 of the Federal Rules of Criminal Procedure provides in pertinent part that "[t]he court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i).

Pursuant to this authority, Defendant is not *entitled* to any disclosure of Grand Jury transcripts until after a grand jury witness testifies on direct examination and he cites no authority to support such a proposition. While a district court has discretion to order such disclosure pursuant to Rule 6, a defendant must make a particularized *prima facie* showing that such material exists. *United States v. Sanchez-Gonzalez*, 294 F.3d 563, 568 (3d Cir. 2002). Here Defendant has not done so and, therefore, his motion is properly denied.

E. **Motion for Disclosure Pursuant to Rules 404(b) and 609 of Federal Rules of Evidence**

With his Motion for Disclosure Pursuant to Rules 404(b) and 609 of Federal Rules of Evidence (Doc. 135), Defendant asserts that "he is entitled to receive from the Government

8

pre-trial notice of any other crimes, wrongs, or acts the Government intends to introduce at trial." (Doc. 139 at 16.) As with his Motion for Discovery Pursuant to Rule 16 (Doc. 132), Defendant essentially asks the Court to issue an order directing the Government to follow federal rules. See supra p. 6. Adherence to all applicable Federal Rules of Evidence is required and anticipated. In the absence of an assertion that the Government has failed to comply with a specific rule or identification of a dispute on a particular issue relevant to the cited rules, the Court will deny Defendant's motion.

### F. Motion for Disclosure Pursuant to Federal Rule of Evidence, Rule 807

With his Motion for Disclosure Pursuant to Rule of Evidence 807 (Doc. 136), Defendant states he is entitled to receive notice of the Government's intent to use hearsay statements under Rule 807. (Doc. 139 at 19.) The Government responds that is it aware of the notice requirements of Federal Rule of Evidence 807. (Doc. 279 at 17.) As stated above, the Court requires and anticipates compliance with the Federal Rules of Evidence. Because Defendant identifies no indication that the Government has not or will not proceed as anticipated, his motion will be denied.

### G. Motion for Bill of Particulars

With his Motion for Bill of Particulars (Doc. 221), Defendant states that the "allegations in the Indictment are not sufficiently specific as to time, place, and individuals involved to allow the Defendant to prepare his defense and to afford him the opportunity for a fair trial," and, therefore, pursuant to Rule 7 of the Federal Rules of Criminal Procedure,

he seeks an order compelling the Government to provide the particulars requested. (Doc. 139 at 21.) The Government responds that "a prerequisite to finding that a bill of particulars is warranted in the instant case is the determination that the Indictment alone is insufficient to inform the defendant of the nature of the charges" and that is not the case here: "The fact that there are defined time lines for the crimes charged in the Indictments, together with the fact that Gonzalez is charged with the distribution of defined controlled substances with expressly named individuals is specific enough to inform Gonzalez of the nature of the charges." (Doc. 279 at 18.) For the reasons discussed below, Defendant's motion will be denied.

Rule 7 of the Federal Rules of Criminal Procedure provides in relevant part that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The rule further provides that "[t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f).

The Indictment in this case does not provide extensive information about the offense charged, but it provides the date range of the offense, the substance at issue, and the names of co-conspirators. (*See* Doc. 1.) At this stage of the proceedings, Defendant has received additional information through the ongoing discovery required by Rule 16 of the Federal Rules of Criminal Procedure. As noted by the Government, compliance with the

discovery provisions of Rule 16 "obviates the necessity for a bill of particulars." (Doc. 279 at 20 (citing *United States v. Geise*, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979); *United States v. Deerfield Spec. Papers, Inc.*, 501 F.Supp. 796, 809 (E.D. Pa. 1980)).) Although Defendant stated in his supporting brief, that "as of this filing . . . , the Government has failed to provide meaningful discovery" (Doc. 139 at 22), the Court has no indication that ongoing discovery has been inadequate, particularly given Defendant's failure to file a reply brief and the time that elapsed between the filing of the motion and the Government's response. On this basis, the Court concludes Defendant has not shown the need for a bill of particulars and the Court will deny the motion.

### H.  Motion for Expert Information Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure

With his Motion for Expert Information Pursuant to Rule 16(a)(1)(G) of the Rules of Criminal Procedure (Doc. 138), Defendant asserts that he is entitled to the disclosure of expert witnesses the Government intends to use in its case-in-chief at trial. (Doc. 139 at 24.) The Government responds that it "is aware of and acknowledges its obligations under Federal Rules of Criminal Procedure, Rule 16(a)(1)(G) as well as Federal Rules of Evidence 702, 703, and 705 and will comply with the same." (Doc. 279 at 21.) As stated previously, the Court requires and anticipates adherence to all applicable rules. In the absence of evidence that the Government has not or does not intend to comply with Rule 16(a)(1)(G), the Court will deny Defendant's motion.

## III. CONCLUSION

For the reasons set out above, Defendant's pretrial motions (Docs. 131-138) will be DENIED. An appropriate Order is filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge